**Mistyrise Intl. Ltd. v Corporacion Electrica Nacional S.A.**

2024 NY Slip Op 34545(U)

December 20, 2024

Supreme Court, New York County

Docket Number: Index No. 655219/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

MISTYRISE INTERNATIONAL LIMITED,

Plaintiff,

- v -

CORPORACION ELECTRICA NACIONAL S.A.,

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655219/2021 |
| **MOTION DATE** | 08/02/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 52

were read on this motion for _____ ORDER OF ATTACHMENT _____ .

Plaintiff Mistyrise International Limited ("MI") seeks an order of attachment of funds held by non-party Citibank N.A. ("Citibank") in which Defendant Corporacion Eléctrica Nacional S.A. ("CEN") has an interest. This Court previously entered a default judgment against CEN in the amount of $24,466,630.49 plus statutory post-judgment interest arising out of a failure to pay its obligations on certain notes (*see* NYSCEF 29). Upon the foregoing documents and for the reasons described below, the motion for an order of attachment is **granted**.

CPLR § 6205 provides that an order of attachment may be granted to aid execution of a money judgment against a "foreign state" as defined by Section 1603 the federal Foreign Sovereign Immunities Act ("FSIA") (see CPLR § 6205; 28 USC § 1603). The Act's definition of "foreign state" includes an agency or instrumentality of a foreign state (28 USC § 1603[a]). Further, Section 1603(b) of FSIA provides that:

"(b) An 'agency or instrumentality' of a foreign state means any entity:

0

655219/2021 MISTYRISE INTERNATIONAL LIMITED vs. CORPORACION ELECTRICA NACIONAL S.A.
Motion No. 003

Page 1 of 4

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country."

CEN meets all three criteria: CEN is (1) a power corporation, (2) owned entirely by Venezuela, and (3) is not a citizen of nor created under the laws of any other country (*see* NYSCEF 41).

CPLR § 6205 provides that orders of attachment against foreign states are subject to the limitations of Section 1610 of FSIA, which lists circumstances in which property of a foreign state located in and used for commercial activity in the United States is not immune from attachment (*see* 28 USC § 1610[a]). MI seeks to attach funds traceable to the Citibank account registered to the Venezuelan Ministry of Finance used to make debt payments on behalf of Venezuela, including CEN's obligations on the notes (*see* NYSCEF 35, 39). CEN expressly waived immunity from attachment in aid of execution in the indenture (*see* NYSCEF 5, § 9.10). Accordingly, the funds are not immune from attachment under FSIA (*see* 28 USC § 1610[a][1]).[1]

Though the Citibank account MI seeks to attach is registered to the Ministry of Finance, not CEN, MI may still attach the funds because CEN has a beneficial interest in them. CPLR § 6202 provides: "Any debt or property against which a money judgment may be enforced as provided in section 5201 is subject to attachment" (CPLR § 6202). Under CPLR § 5201(b), "[a]

---

[1] Alternatively, FSIA permits attachment when the property to be attached was used for the commercial activity on which the claim underlying the judgment is based (28 USC § 1610[a][2]).

655219/2021 MISTYRISE INTERNATIONAL LIMITED vs. CORPORACION ELECTRICA NACIONAL S.A.
Motion No. 003

Page 2 of 4

2 of 4

money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested" (CPLR § 5201[b]). This applies to beneficial interests (*see Matter of 624 W. 47th St., LLC v Morgan Stanley*, 2022 NY Slip Op 30219[U], *3 [Sup Ct, NY County 2022] [ordering turnover of funds in account not owned by debtor, but in which debtor had a beneficial interest]; *see also Wimbledon Fin. Master Fund, Ltd. v Bergstein*, 2018 NY Slip Op 30868[U], *5 [Sup Ct, NY County 2018] [finding debtor had beneficial interest in payment made by debtor's wholly owned company in exchange for personal release for the debtor, and therefore disposition of that payment violated restraining notice]).

In the alternative, MI may attach the account because Venezuela (and its Ministry of Finance) is an alter ego of CEN (*see, e.g., Packer v Caesars World, Inc.*, 54 AD2d 676 [1st Dept 1976] [reversing attachment of third party assets where third party was not shown to be an alter ego of defendant]; *Cardinal Health 414 LLC v U.S. Heartcare Mgmt., Inc*., 969 NYS2d 802 [Sup Ct, Suffolk County 2013] [ordering turnover of third party assets upon determination of alter ego status of that third party]). New York courts recognize that a judgment debtor's owner or sole shareholder is an alter ego of that judgment debtor where: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Shisgal v Brown*, 21 AD3d 845, 848–849 [1st Dept 2005]). Courts have relied on this theory of recovery when applying FSIA to state-owned corporations (*see, e.g., Kensington Int'l Ltd. v Republic of Congo*, 2007 WL 1032269, at *15 [SD NY, Mar. 30, 2007, No. 03 CIV. 4578 LAP]).

Courts determining domination and control consider a variety of factors, including overlap in personnel and resources, commingling of assets, and the degree to which corporate

2

**655219/2021  MISTYRISE INTERNATIONAL LIMITED vs. CORPORACION ELECTRICA NACIONAL S.A.**
**Motion No.  003**

**Page 3 of 4**

3 of 4

formalities are observed (*see Kain Dev. LLC v Kraus Props., LLC*, 130 AD3d 1229, 1235 [3d Dept 2015]). Here, MI has demonstrated that the National Treasury of Venezuela routinely processed payments on CEN's notes from Citibank accounts registered to the Ministry of Finance (*see* NYSCEF 43). Further, the account was earmarked for the payments of the country's debts (*see* NYSCEF 39). Venezuela treated CEN's debts as its own and controlled the payment process on the CEN notes. In other words, Venezuela used its control over CEN's finances to cause CEN to default on the notes, causing MI's injury. As such, the Court finds that MI is permitted to attach the funds in Citibank Account No. 36344024 (the Sanctions Account).

Therefore, it is

**ORDERED** that MI's motion for an order of attachment is **GRANTED**.

This constitutes the decision and order of the Court.

20241220125915JMCOHENFE9A41A6750C4A6C8220518ACEBA7635

| **12/20/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **JOEL M. COHEN, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

3

**655219/2021  MISTYRISE INTERNATIONAL LIMITED vs. CORPORACION ELECTRICA NACIONAL S.A.**
**Motion No.  003**

**Page 4 of 4**

[* 4]